# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MISSOURI EASTERN DIVISION

| | |
|---|---|
| JOHN KRAKOWSKI, ) | |
| KEVIN HORNER, and ) | |
| M. ALICIA SIKES, individually, and ) | |
| on behalf of those similarly situated, ) | |
|  ) | |
| Plaintiffs, ) | |
| v. ) | Case No: |
|  ) | |
| AMERICAN AIRLINES, INC. ) | |
|  ) | |
| and ) | JURY TRIAL DEMANDED |
|  ) | |
| ALLIED PILOTS ASSOCIATION, ) | |
|  ) | |
| Defendants. ) | |

## CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs John Krakowski, Kevin Horner and M. Alicia Sikes (collectively "Named Plaintiffs"), on behalf of themselves and all persons similarly situated, for their complaint against Defendants American Airlines, Inc. ("American") and Allied Pilots Association ("APA") state:

### The Parties

1. Plaintiff Krakowski is a natural person residing in St. Louis County, Missouri.

2. Plaintiff Horner is a natural person residing in Pike County, Missouri.

3. Plaintiff Sikes is a natural person residing in Pennsylvania.

4. American is a Delaware corporation which operates an international airline, doing business and having an operations base in St. Louis, Missouri.

5. APA is an unincorporated association and labor organization, with its headquarters in Fort Worth, Texas and an office in St. Louis County, Missouri. APA is the certified collective bargaining agent for the American pilots.

## Jurisdiction and Venue

6. Plaintiffs' claims arise under the Railway Labor Act ("RLA"), 45 U.S.C. §§151, *et seq*. As a result, the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337.

7. Venue is proper pursuant to 45 U.S.C. §§ 153 (q) and (p), as plaintiffs Krakowski and Horner reside in this District and defendants conduct business here. Venue is also proper pursuant to 28 U.S.C. §§ 1391 (b) and (c), as defendants may be found in this District.

## Factual Background

8. In April of 2001, American acquired the assets of Trans World Airlines, Inc. ("TWA") including its aircraft, routes and unionized employees.

9. Named Plaintiffs (and the proposed class) are all former TWA pilots who currently fly for American.

10. In November 2001, American and APA executed a supplemental agreement to their existing collective bargaining agreement, designated "Supplement CC", creating a modified American Pilots System Seniority List that included the former TWA pilots but stripping them of much of their seniority.

11. Specifically, under Supplement CC approximately 1200 former TWA pilots were "stapled" to the bottom of the American pilot seniority list and given no credit for their TWA seniority. These pilots were demoted and ultimately furloughed.

12. Another 1,100 former TWA pilots were integrated into the American seniority list in a manner by which they retained only a fraction of their actual seniority. Most of these pilots were demoted and many were furloughed as well.

13. In November 2011, American filed a bankruptcy petition in the Southern District of New York.

14. During the course of the bankruptcy proceedings, American requested and was granted leave to abrogate the then-existing collective bargaining agreement with APA (the "Old CBA") under 11 U.S.C. §1113.

15. As a result of the Bankruptcy Court's order, the Old CBA and its supplements (including Supplement CC) were null and void as of September 5, 2012.

16. In December of 2012, American and APA negotiated a new collective bargaining agreement (the "New CBA"). By its terms, it became effective January 1, 2013. A copy of the New CBA (as revised March 8, 2013) is attached as Exhibit 1. As part of that process, American and APA adopted a new System Seniority List which mirrored the unfair list created by Supplement CC.

17. Between September 5, 2012 and January 1, 2013, all American pilots were technically at-will employees not subject to a valid collective bargaining agreement.

18. During the course of negotiation of the New CBA, APA was the certified collective bargaining representative of all American pilots, including Named Plaintiffs and the other former TWA pilots.

19. American has consistently acknowledged each former TWA pilot's "Date of Hire" as the date they were hired by TWA, except as modified by the now-defunct Supplement CC.

20. Under the New CBA, the calculation of pilot seniority and placement on the System Seniority List "shall be based upon the length of service as a flight deck operating crew member with the Company except as otherwise provided in Sections 11 and 12 of this Agreement" and "shall begin to accrue from the date a pilot is first assigned to air line flying duty and shall continue to accrue during such period of duty except as provided in Sections 11 and 12 of this Agreement." (Ex. 1, §13(A) and (B))

21. The New CBA further provides that "[a] pilot once having established seniority shall not lose such seniority except as provided in this Section, nor shall such pilot's relative position on the Pilots' System Seniority List be changed for any reason, including disciplinary action, except as provided in paragraph B. of this Section." (Ex. 1, §13(C)).

22. American routinely assigns an "Occupational Date" to pilots for seniority list purposes between 45 and 49 days after their Date of Hire.

23. The New CBA provides that occupational seniority and the Occupational Date are used for determining placement on the Pilot System Seniority List and for bidding purposes. (Ex. 1, §2(AA)).

24. Under the New CBA, Named Plaintiffs and the members of the Class should be ranked on the System Seniority List according to their Occupational Date, which (based upon American's normal practice) should fall within 45 to 49 days of their Date of Hire. Instead, American and APA agreed to a new System Seniority List which is identical to the unfair "modified" list used under the Old CBA and Supplement CC, wherein the former TWA pilots are accorded seniority status far below where their actual time in service should place them.

25. Due to American and APA's agreement, Named Plaintiffs and the members of the proposed Class have received places on the new System Seniority List far below those which they are entitled to under the calculation method specified in the New CBA.

## Class Action Allegations

26. Named Plaintiffs bring their claims as individuals and as representatives of a Class pursuant to Fed. R. Civ. P. 23(b)(1) and (2).

27. The proposed Class would be defined as follows:

> "All persons formerly employed as pilots by Trans World Airlines, Inc. as of April 9, 2001 (the closing of American's purchase of TWA) currently employed as pilots by American Airlines, Inc. or with recall rights to American Airlines, Inc."

28. The Class, consisting of more than 800 people, is so numerous that joinder of all members is impractical, especially in light of their distribution throughout the country.

29. There are questions of law or fact common to the Class, specifically whether the members of the Class are being fairly represented by APA in accepting the new System Seniority List in spite of the terms of the New CBA, whether American has breached the New CBA by implementing the new System Seniority List in spite of the terms of the New CBA, and whether American is implicated in or colluded with APA's failure to fairly represent its members who are former TWA pilots.

30. The claims of the Named Plaintiffs are typical of the claims held by the Class, in that they have received placement on the System Seniority List below the spot dictated by the New CBA.

31. The Named Plaintiffs will fairly and adequately represent the interests of the Class. The Named Plaintiffs have the same interest in prosecuting these claims as the Class members. Named Plaintiffs have retained qualified and experienced class action counsel to represent them and the Class members.

**Count I (American's Breach of Collective Bargaining Agreement)**

32. Named Plaintiffs hereby incorporate the allegations contained in Paragraphs 1-31 of this Complaint.

33. Under the terms of the New CBA, Occupational Date and occupational seniority determine a pilot's place on the Seniority List under Sections 2(AA), 13(A) and (B). Based upon American's prior course of dealing in recognizing the former TWA pilots' Date of Hire with TWA, Named Plaintiffs and the members of the Class are entitled to placement on the System Seniority List according to their Occupational Date from TWA.

34. American has put forth a System Seniority List which does not accord Named Plaintiffs and members of the Class proper placement based upon their Occupational Date seniority as set forth in the New CBA.

35. American has failed to abide by the terms of the New CBA for establishing the System Seniority List contained in Sections 13(A) and (B), in that it has given Named Plaintiffs and members of the Class places on the list far below those dictated by their Date of Hire and corresponding occupational seniority.

36. American has changed the relative seniority of the Named Plaintiffs and Class members, breaching Section 13(C) of the New CBA.

37. As a result of American's improperly-formulated System Seniority List, Named Plaintiffs and members of the Class are being deprived of promotions and compensation, and are at an increased risk of being furloughed.

38. Named Plaintiffs and members of the Class are beneficiaries the contract entitled to enforce the terms thereof.

39. Injunctive and declaratory relief are appropriate for breaches of collective bargaining agreements.

40. American's breach of the New CBA is ongoing and will continue to harm Named Plaintiffs and the members of the Class until rectified, in that they are not receiving the promotions, compensation and other working condition benefits they are entitled to based on their proper seniority.

41. The breach of contract claim against American is an arbitrable "minor

dispute" under the RLA. The Court, however, has subject matter jurisdiction of the claim because plaintiffs' administrative remedy is wholly futile. The arbitration panel (the System Board of Adjustment) that would decide Named Plaintiffs' claim would consist of either four or five members– in either case, two selected by American and two selected by APA. (Ex. 1, §23(B)). It would be futile, however, to arbitrate before such a panel, because APA, in breach of its duty of fair representation as alleged in Count II, was in collusion with American in its breach of contract. Even if a five-member System Board of Adjustment were utilized, the American and APA arbitrators would thus clearly outvote the independent arbitrator in what would be a basically "rigged" arbitration.

### Count II (APA's Breach of its Duty of Fair Representation)

42. Named Plaintiffs hereby incorporate the allegations contained in Paragraphs 1-41 of this Complaint.

43. APA imposed a grossly unfair seniority integration on the former TWA pilots when American acquired TWA in 2001, while the TWA pilots were part of another union. It did so out of hostility toward these TWA pilots, an animus which continues to this day.

44. APA now represents the former TWA pilots.

45. Despite this animus, APA has a duty to fairly represent all of the employees it represents, including the former TWA pilots.

46. Throughout APA's subsequent representation of the former TWA pilots

at American, APA has consistently discriminated against them in favor of those American pilots already on board at the time of the acquisition.

47.    APA's discrimination and hostility was so severe that the intervention of a federal court in Texas was necessary to stop APA's systematic denial of access to the grievance process by its former TWA members.

48.    APA violates its duty of fair representation if it acts toward an employee or group of employees in an arbitrary or discriminatory manner, or in bad faith.

49.    APA has violated its duty of fair representation to the Named Plaintiffs and the Class by agreeing to a System Seniority List which violates the terms of the New CBA, to the severe detriment of its former TWA members.

50.    APA's agreement to the new System Seniority List and failure to advocate on behalf of its former TWA members is so unreasonable as to be arbitrary, discriminatory or motivated by bad faith.

### Count III (American's Complicity in APA's Breach)

51.    Named Plaintiffs incorporate the allegations in paragraphs 1 through 50 as if fully set forth herein.

52.    APA's agreement with American to implement a System Seniority List– one which does not follow the formula described in the New CBA, to the detriment of the former TWA Pilot– is discriminatory and arbitrary on its face.

53.    American colluded with APA in its breach of its duty of representation in order to secure APA's approval of the new CBA.

54. As a result of the facially discriminatory and arbitrary agreement entered into between American and APA, and their collusion, those agreements are voidable, and the System Seniority List should be revised to give the Named Plaintiffs and members of the class their proper places based upon their occupational seniority as provided in the New CBA.

## Prayer for Relief

WHEREFORE, Named Plaintiffs, individually and on behalf of the Class, request the Court enter the following:

    a.    An Order certifying the Class as defined herein, appointing Named Plaintiffs as representatives of the Class and appointing the undersigned as Class counsel;

    b.    A judgment declaring that the Named Plaintiffs and members of the Class are entitled to placement on the System Seniority List according to their Occupational Date with TWA, and requiring American and APA to implement a revised System Seniority List reflecting this placement;

    c.    A judgment for Named Plaintiffs and against American and APA for the costs of bringing this action and attorneys fees; and

    d.    Any other relief to which the Named Plaintiffs and Class are entitled.

Respectfully submitted,

GREEN JACOBSON, P.C.

By:   /s/ Allen P. Press
     Allen P. Press  MO #39293
     Bradley P. Schneider MO#58484
     7733 Forsyth Boulevard, Suite 700
     St. Louis, Missouri 63105

Telephone: (314) 862-6800  
Facsimile: (314) 862-1606  
press@stlouislaw.com  
Attorneys for Plaintiffs