UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHN KRAKOWSKI, ) | |
| KEVIN HORNER, and ) | |
| M. ALICIA SIKES, individually, and ) | |
| on behalf of those similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:13-CV-838-JAR |
| ) | |
| AMERICAN AIRLINES, INC., and ) | |
| ALLIED PILOTS ASSOCIATION, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Joint Motion by Defendants American Airlines, Inc. and the Allied Pilots Association to Transfer this Action to the United States Bankruptcy Court for the Southern District of New York. (Doc. No. 11) The motion is fully briefed and ready for disposition. Oral argument on the motion was held on June 29, 2013.[1] Also before the Court is Plaintiffs' Request for Rule 16 Conference. (Doc. No. 37) For the following reasons, Defendants' motion to transfer will be granted and Plaintiffs' request for Rule 16 conference will be denied as moot.

**Background**

---

[1] Following the close of briefing and argument, the Official Committee of Unsecured Creditors of AMR Corporation filed an amicus brief in support of Defendants' motion to transfer on November 19, 2013. (Doc. No. 25) Defendants APA and American filed supplemental memoranda in support of their motion on November 19 and 21, 2013, respectively. (Doc. Nos. 27, 32) Plaintiffs filed a supplemental opposition on December 5, 2013 (Doc. No. 35), and Defendant APA replied on December 6, 2013. (Doc. No. 36) On March 14, 2014 the Court held a telephone status conference with counsel.

By way of background, on March 4, 2013, this Court transferred *Krakowski v. American Airlines, Inc., et al.*, No. 4:12-cv-954 ("Krakowski I") to the United States Bankruptcy Court for the Southern District of New York after determining that the New York Bankruptcy Court was the proper forum to litigate the claims raised by Plaintiffs, specifically, a claim against the Allied Pilots Association (APA) for breach of its duty of fair representation, and a claim against American Airlines, Inc. (American) for collusion with the APA in its breach of duty.

Following transfer, Plaintiffs in Krakowski I filed a motion to withdraw the bankruptcy reference and transfer venue in the United States District Court for the Southern District of New York. *Krakowski v. American Airlines, Inc., et al.*, No. 1:13-cv-02045-AJN. American and APA moved to dismiss Krakowski I in the New York Bankruptcy Court. *Krakowski v. American Airlines, Inc.,* Adversary Proceeding No. 13-01283-shl. While these motions were pending, the instant action, "Krakowski II," was filed on May 1, 2013 by identical Plaintiffs alleging claims for breach of the duty of fair representation and collusion that are virtually identical to those alleged in Krakowski I. The only difference is that Plaintiffs have added a claim for breach of the new collective bargaining agreement (CBA). (Compl., Doc. No. 1, ¶¶ 35-45)

On November 6, 2013, the District Court for the Southern District of New York denied Plaintiffs' motion to withdraw the bankruptcy reference in Krakowski I and transfer venue back to this Court. *Krakowski v. American Airlines, Inc., et al.*, No. 1:13-cv-02045-AJN (Doc. No. 24) On November 19, 2013, Plaintiffs in Krakowski I filed a Supplemental Class Action Complaint for Damages and Declaratory Relief in the adversary proceeding before the New York Bankruptcy Court. *Krakowski v. American Airlines, Inc.,* No. 13-01283-shl (Suppl. Compl., Doc. No. 42) Plaintiffs' supplemental complaint contains allegations concerning American's abrogation of its

2

CBA with APA, and collusion with APA in allegedly breaching its duty of fair representation in the negotiation of a new CBA, which the Bankruptcy Court approved on December 19, 2012. Pursuant to the New York Bankruptcy Court's ruling on November 21, 2013, Defendants are not required to file any responsive pleading until after it rules on the pending motion to dismiss. (Id., Doc. No. 44)

**Discussion**

In support of their joint motion to transfer, Defendants assert that in the interests of justice and for the convenience of the parties, Krakowski II should also be transferred to the New York Bankruptcy Court. Specifically, the claim for breach of the new CBA arises out of the same transactions and occurrences as the claim in Krakowski I, all of which are within the New York Bankruptcy Court's jurisdiction and relate to the New York Bankruptcy Court's prior orders. (Mem. in Supp., Doc. No. 12, p. 8) Further, proceeding with this case in Missouri would duplicate efforts that have already taken place in connection with the abrogation of the prior CBA and approval of the new CBA by the Bankruptcy Court, in addition to proceedings that have occurred and will occur in connection with Krakowski I, including a fully briefed and argued motion to dismiss. (Id.) If Krakowski I and Krakowski II are allowed to proceed in different forums, the parties potentially could be subject to inconsistent rulings from this Court and the New York Bankruptcy Court. (Id., p. 9) Finally, Defendants argue that transferring this case to the New York Bankruptcy Court would be more convenient for the parties than continuing to litigate Krakowski II in St. Louis. (Id., p. 10)

Plaintiffs oppose transfer, arguing this case is distinct from Krakowski I, where they were challenging the remedy limitation Defendants included in a 2012 arbitration agreement regarding

3

the closure of American's base in St. Louis. (LOA 12-05) Here, Plaintiffs are challenging the legality of the seniority list Defendants implemented in January 2013 as part of the new CBA. (Mem. in Opp., Doc. No. 14, pp. 3-4) Plaintiffs contend Krakowski II is based on new misconduct and, therefore, there is no potential for inconsistent rulings in the two cases. Plaintiffs further argue there are no "efficiencies" to be gained by transferring this case to the New York Bankruptcy Court since the Court has not addressed the claims in this case, i.e., the new seniority list implemented in January 2013. (Id., pp. 5-6)

Finally, Plaintiffs argue the statutory factors in 28 U.S.C. § 1404(a) do not favor transfer. First, Plaintiffs' choice of forum is entitled to deference. Second, the "convenience" of the parties does not favor transfer because this action is brought on behalf of 650 former TWA pilots based in St. Louis. They all work here and many live here. Next, New York has no connection to this case, and the sources of proof are located primarily in St. Louis and Fort Worth (American and APA headquarters). Lastly, counsel for Plaintiffs and the proposed class resides in St. Louis. (Id., pp. 7-10)

In reply, Defendants argue it is not possible to view Krakowski I and Krakowski II as unrelated actions. Both are attempts by the same Plaintiffs to obtain the same relief they sought in 2002, that is, the return of the date-of-hire seniority they had when they were hired from the liquidating TWA. (Reply, Doc. No. 17, p. 4) In both cases, Plaintiffs argue that APA (and derivatively, American) violated the duty of fair representation by failing to negotiate a new deal that achieved that result. (Id.) Moreover both actions seek relief that would undo the Bankruptcy Court's order approving the new CBA. (Id.)

Defendants also submit an arbitration award issued March 12, 2014 arising out of a number

of seniority protests and grievances filed by former TWA pilots, including the three named Plaintiffs in Krakowski I and II. (Doc. No. 42-1) These protests challenged the calculation of seniority under the new CBA on the grounds that it failed to credit the pilots' seniority at TWA (id., p. 4), the same claim Plaintiffs raise here. The interest arbitrator dismissed the claim, finding "the clear terms of the [new CBA] leave no doubt as to the contrasting parties' intentions to continue the TWA pilot seniority placement, in effect since 2001, during the new contract, without regard to Supplement CC's termination. (Id., pp. 15-16) The arbitrator further found the former pilots' claims that the protests were "unrelated both to the previous CBA (including Supplement CC) and to LOA 12-05, or the newly minted Supplement C," unsupported by the facts. (Id., p. 16) In sum, the arbitrator concluded that the pilots' requested remedy, involving the modification of the existing seniority list, could not be granted. (Id., p. 17)

As discussed above, Plaintiffs in Krakowski I have supplemented their complaint with allegations that American and APA should have empowered the interest arbitrators to "restore" their former TWA seniority. (Supp. Compl., ¶ 54) In Krakowski II, Plaintiffs claim their former TWA seniority should have been recognized automatically under the new CBA, following the abrogation of the old CBA and Supplement CC. (Compl., ¶ 24) Thus, Plaintiffs' claim in both Krakowski I and II is essentially the same - whether by agreement or through interest arbitration, their former seniority with TWA should be recognized under the new CBA.

As this Court has previously recognized, the Bankruptcy Court is completely familiar with the facts and evidence pertaining to the issues raised by Plaintiffs. In particular, the formation of the new CBA has been extensively litigated in the New York Bankruptcy Court and relates to matters over which the Bankruptcy Court has specifically retained jurisdiction. Moreover, a fully

briefed and argued motion to dismiss is pending before the Bankruptcy Court in Krakowski I. The Court finds this case should also be decided by that Court.[2]

As to the convenience of the parties, the Court is again mindful that a plaintiff's choice of forum is given a great deal of deference. See Lipari v. U.S. Bancorp, 2007 WL 1063178, at *2 (W.D. Mo. April 4, 2007). However, the balance of interests in this case weigh strongly in favor of transfer, due to the extensive related litigation in New York. See May Dep't Stores Co. v. Wilansky, 900 f.Supp. 1154, 1166 (E.D. Mo. 1995) ("Litigation of related claims in the same tribunal is strongly favored because it facilitates efficient, economical and expeditious pre-trial proceedings and discovery and avoids duplicitous litigation and inconsistent results.").

For these reasons, Defendants' joint motion to transfer will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion by Defendants American Airlines, Inc. and the Allied Pilots Association to Transfer this Action to the United States Bankruptcy Court for the Southern District of New York [11] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall take all necessary administrative steps to transfer this case to the United States Bankruptcy Court for the Southern District of New York.

---

[2] Plaintiffs note that American exited bankruptcy on December 9, 2013. (Supp. Opp., Doc. No. 35, p. 1) There has been no indication, however, that the Bankruptcy Court will refrain from hearing the adversary proceedings currently pending before it, particularly in light of the Southern District Court's ruling that Krakowski I should remain in the Bankruptcy Court.

**IT IS FURTHER ORDERED** that Plaintiffs' Request for Rule 16 Conference [37] is **DENIED** as moot.

Dated this   19th   day of March, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE